The judgment of the Court was announced by
DargaN, Ch.
On the main issues involved in this appeal, we entirely approve of the views of the Chancellor in his circuit decree. In Lupton vs. Lupton, (2 Johns. Ch. 614,) where some of the legacies had been paid in full, and others of equal grade remained unpaid, and the executor had committed a devastavit, and was insolvent, so that the latter could not be recovered from him, it was held, that those legatees who had received payment, wore not bound to refund, or to contribute, in the way of apportionment, towards the satisfaction of those who had received nothing, even though some of the unpaid legatees were infants at the time of the application for contribution; there having been originally a sufficiency of assets in the hands of the executor to pay all the legacies. But the question here raised between the legatees of Win. Robertson, is essentially different. Their legacies are of equal grade, and they have received partial payments in unequal amounts, from a fund heretofore devoted to that purpose. Another fund, *43 which, has been recovered from the estate of a deceased executor, who had committed waste, is now to be applied in payment of these legacies, but which is still insufficient to satisfy them in full. The commissioner supposed, (and he so reported,) that the fund in hand was to be applied in payments to the legatees, in proportion to the unsatisfied balances due upon their respective legacies. The Chancellor overruled his judgment in this particular; and this Court concurs with the Chancellor.
If the fund had been applied, before bill filed, in full satisfaction of some of these legacies to the exclusion of others, without an intention to give a preference, (there being no original deficiency of assets,) this Court might, and probably would, in accordance with the doctrine asserted in Lupton vs. Lwpton, (already cited,) refuse to decree a restitution for the .purpose of equalization ; and leave the parties who had been satisfied, in the enjoyment of the advantages gained by their diligence. Equality is a favorite rule in this Court. And the equalization of payments can be attained in this case without any decree for restitution, and simply by the application of the fund now under the control of the Court. It should be applied, first, to equalize the payments on all the legacies; and the residue should be applied rateably on all the legacies, as the Chancellor has decreed.
Another question has been raised, under these circumstances. Douglass Robertson, the executor of Wm. Robertson, is also a legatee. His legacy is of the same, grade with those of the other parties to this bill. There is a deficiency of assets to pay all the legacies, in consequence of the devastavit of his co-executor, James Robertson, as has been before stated; and Douglass Robertson claims, as executor, the right to detain, of the assets which have come into his hands, enough to satisfy his own legacy in full, before any application of the fund is made in payment of his co-legatees ; in analogy to the right of an executor to detain for the payment of his own debt against the testator. No authority has been adduced in support of the doctrine here advanced; and, regarded as a principle, it is not supported by a semblance of equity. *44 An executoi receives tbe assets of tbe estate in trust, for tbe common benefit of all tbe parties in interest, according to .their respective rights, as fixed by tbe will. If tbe testator gives Mm a legacy, and intends that be should have priority of payment, such intention would be declared upon tbe face of tbe will. And it is inequitable, that an executor should, by virtue of bis office, (which is a mere trust,) be allowed preferences as a legatee, to which be is not entitled by tbe provisions of tbe will. Tbe Chancellor has so decided; and tMs Court concurs.
In tbe settlement of bis accounts, tbe executor claimed to be Reimbursed for bis counsel fee paid in this cause. This charge was allowed by tbe commissioner, and disallowed by tbe Chancellor. Tbe decision of tbe Chancellor,, overruling tbe report of tbe commissioner in tMs respect, has been made a ground of appeal: and a majority of this Court are of tbe opinion, that tbe counsel fee should have been allowed, as a credit upon tbe executor’s accounts.
TMs executor has, (as most executors do,) kindly undertaken tbe execution of tbe trusts imposed upon Mm by tbe will; and this litigation, as an incident, has grown naturally, and, I would say, almost necessarily, out of Ms administration of tbe estate. And it is but sheer justice that be should be re-i'mbursed and made whole for all outlays that were reasonably incident to the execution of the trust; not as compensation, but as a part of the expenses of its administration. TMs, I conceive, not to be inconsistent with tbe decision in Wham vs. Love, (Rice Eq. 51,) wMch lays down the same rule. But, it is said, that Wham vs. Love decides, that the executor is not entitled to be re-imbursed for Ms counsel fees, where the litigation has been raised for Ms own benefit. There can be no rule more undeniably just and fair. But I think it would be an unwarranted construction of the decision in that case to say, that where an executor is obliged, for Ms own security, to resort to tbe aid of this Court, for the settlement of an estate which he has administered, he .shall forfeit re-imbursement for counsel fees, (otherwise deemed just and reasonable,) because there arise in the settlement of Ms accounts, or in tbe adjustment of tbe *45 equities between himself and his cestui que trusts, questions in which his interest and theirs are antagonistic. Such questions arise in almost every case of this character. I think a rule may be laid down as reasonable as it is simple; that an executor should be allowed re-imbursement for a reasonable counsel fee paid by him for the settlement of the estate in equity, where the aid of the Court appears necessary and proper. If he has any knotty points or important interests of his own, for which he pays extra fees, the excess should be paid out of his own pocket.
It is ordered and decreed, that the circuit decree be modified, and that the report of the commissioner be re-committed, and he be instructed to correct his report, by allowing the counsel fee, paid by the executor, as a credit on his accounts. In all other respects the appeal is dismissed and the circuit decree affirmed.
Johnston, Ch.
I am satisfied with my ruling in the decree, upon all points, except the counsel fee.
On that subject, I am not willing to'abridge the principle of Wham vs. Love. All expenditures for the benefit of an estate, in the hands of the executor, are proper charges, and should be allowed him, in passing his accounts. I suppose that where a bill is filed for the direction of the Court, or to clear out incumbrances,— or, in short, in any case where the decree of the Court is necessary to remore doubts and settle or distribute the estate, — fees paid by the executor, in such cases, should be allowed him: and this would be no violation of the doctrine of Wham vs. Love.
My objection to the allowance of the fee, in this case, was, that it was not expended in promotion of the interests of the cestui 'que trusts: at least a very large part of it.
But there is a circumstance in the case which reconciles me to the allowance of it. It is, that the estate has received the benefit of the mortgage taken by Dotfglass Robertson from his co-executor. The title in that property was, by the mortgage, in Douglass : and it would seem inequitable to take it from him and confer *46 its benefits upon the legatees generally, without allowing him the expenses claimed by him.
DüNKIN, Oh. concurred.
WaRdlaw, Ch. having been of counsel, expressed no opinion.

Decree, modified.